## THE OHIO AND MISSISSIPPI RAILWAY COMPANY
### *v.*
## WILLIAM EAVES.

1. OF MUTUAL NEGLIGENCE. In an action on the case for damages, where the evidence shows that the plaintiff and the defendant stand *in pari delicto*, there can be no recovery.

2. Hence, in an action against a railroad company for killing stock at a crossing, a verdict for the plaintiff will be set aside as against the evidence, when it appears that no bell was rung or whistle sounded, as required by law, and also appears that the plaintiff, then in charge of the stock, was told by his son, that he thought he heard a train coming, but decided to rush the stock over without looking, and in doing so three of them were killed.

3. The court is not disposed to relax, in any degree, the requirements of the statute as to the duty of railway companies, to give warning of approaching trains by a continuous ringing of the bell or sounding of a whistle, for the distance of eighty rods before arriving at a crossing; the willful disregard of it is gross negligence.

APPEAL from the Circuit Court of St. Clair county; the Hon. J. GILLESPIE, Judge, presiding.

This was an action of trespass on the case, brought to the October Term, 1865, of the St. Clair Circuit Court, by William Eaves against the Ohio and Mississippi railway company. The declaration was in the usual form, averring, that, by the negligence of the company, in not ringing a bell or sounding a whistle, as required by law, cattle of the plaintiff of the value of $600, were killed. A trial by jury resulted in a verdict for the plaintiff for $300. The evidence adduced, sufficiently appears in the opinion of the court.

Mr. H. P. BUXTON, for the appellant.

First, where the negligence of the plaintiff contributes to the injury, he cannot recover. *Aurora Branch Railroad Company* v. *Grimes*, 13 Ill. 585; *Dyer* v. *Talcott*, 16 id. 300; *Chicago, Burlington & Quincy Railroad Company* v. *George*, 19 id. 510. Second, the omission of signals at a crossing does not

justify a person in omitting any proper act of vigilance on his part to avoid an accident. *Chicago & Rock Island Railroad Company* v. *Still*, 19 id. 500. Third, if a party permits stock to run at large in a highway, near a railroad crossing, he cannot recover damages, even though the servants of the company are guilty of negligence. *Chicago, Burlington & Quincy Railroad Company* v. *Cauffman*, 28 Ill. 513; *Illinois Central Railroad Company* v. *Phillips*, 29 id. 447; *Illinois Central Railroad Company* v. *Goodwin*, 30 id. 117; *Galena & Chicago Union Railroad Company* v. *Griffin*, 31 id. 303. Much more should the rule apply where the plaintiff drives his stock upon the track, when he is warned that a train is approaching.

Mr. W. H. UNDERWOOD, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court.

This was an action brought by the appellee against the appellant to recover damages for injury to the plaintiff's cattle. It appears from the record, that the plaintiff and his son were driving about twenty cattle along the highway, being themselves on horseback, and, when the head of the drove had arrived within about thirty yards of the crossing, a passenger train passed which frightened and scattered the cattle. The plaintiff and his son had just collected them again together, and got them at about the same point on the highway, when his son said to the plaintiff, that he thought he heard another train. Plaintiff replied, "I guess not so soon after the other train; but let us rush them over as soon as we can for fear another train may be coming." They had got them on to the crossing, when the coal train came along, and killed three of the cattle. There is timber bordering the road, and it was impossible for persons traveling the highway, in the direction plaintiff was going, to see an approaching train until on the crossing. There was no bell rung or whistle sounded until just before the train struck the cattle, when the engineer whistled for the brakes. This appears not only by the witnesses for the plaintiff, but by those for the defendant, its employees in charge

19 — 42D ILL.

of the train. The jury found a verdict for plaintiff for the value of the cattle, and the court gave judgment.

It is now urged in behalf of the appellant, that the parties were *in pari delicto.* That question was submitted to the jury by the instructions, and they found otherwise, but we think their finding was clearly against the evidence.

We are by no means disposed to relax, in any degree, the requirements of the statute, as to the duty of railway companies to give warning of their approach by a continuous ringing of the bell, or sounding of a whistle, for the distance of eighty rods before arriving at a crossing. The obligation is plain, imperative, of great importance, and easy of performance. The willful disregard of it is gross negligence. But in the present case, the plaintiff himself was guilty of as great negligence as the company. He was warned by his son of the approaching train, but preferred to act upon his opinion, that one train would not so closely follow another, rather than take the slightest trouble to ascertain whether the quicker senses of his son had not told him truly. But he was, nevertheless, in doubt, as is evident from his direction to rush the cattle over as soon as possible *for fear* another train might be approaching. The slightest care, not merely for the safety of his cattle, but for the human lives upon the train, that would be placed in deadly peril by such a collision, should have prompted him to ride forward and examine the road after having been warned by his son. In cases of this character a jury should not apply the same reasoning that might be proper when the highway traveler is himself killed or injured by a passing train. A jury may well be slow to believe, that a person, who has lost life or limb from such a collision, exposed himself wantonly to the danger, and with knowledge, or even with reasonable cause for believing, that a train was at hand. Men are not often so out of love with life, and railway companies cannot often successfully depend upon such a hypothesis. But here the plaintiff did not place his own life or limb in jeopardy. He was exposing merely his cattle, retaining a chance for damages in case of injury. They had

just been frightened and scattered by one train, and, to save a repetition of this annoyance, he proposes to "rush them over" before the coming train arrives, regardless of the injury he may cause to others. The warning which the law sought to give him by requiring the bell or whistle to be sounded, was really given him by his son. He heeded it not, and must bear the consequences of his own rashness. But for the warning from his son he would have good grounds for recovery. As it is, he and the defendant stand *in pari delicto*, and there can, therefore, be no recovery on the evidence presented by this record. The motion for a new trial should have been allowed. The judgment must be reversed and the cause remanded.

*Judgment reversed.*