ELMER E. SLONIKER v. GREAT NORTHERN RAILWAY COMPANY.

May 19, 1899.

Nos. 11,585—(108).

**Railway—Wilful Negligence—Injury to Child upon Track—Hand Car.**
When a person discovers another in a position of peril, although the latter is a trespasser, and negligently placed himself in such position, and the former, after so discovering him, can avoid injuring him by the exercise of ordinary care, but fails to do so, he evinces such a reckless disregard of the safety of others as to constitute, in law, wilful and wanton negligence. Rule applied in this case, and *held*, that the evidence is sufficient to justify a finding by the jury to the effect that the defendant's section foreman was guilty of wilful and wanton negligence in running a hand car over the plaintiff's child.

**Same—Verdict not Excessive.**
An award of $12,000 damages to a girl six years old for the loss of her

right leg is not so excessive as to indicate that it was given under the influence of passion or prejudice.

Action in the district court for Stearns county by plaintiff in behalf of his infant daughter to recover $20,000 damages for personal injuries sustained by her by defendant's negligence. The case was tried before Searle, J., and a jury, which rendered a verdict in favor of plaintiff for $12,000. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*C. Wellington,* for appellant.

*Donohue & Stephens* and *Calhoun & Bennett,* for respondent.

START, C. J.[1]

The plaintiff brought this action to recover damages, for the benefit of his infant daughter, Bertha Sloniker, on account of personal injuries sustained by her by reason of the alleged wanton and wilful act of the defendant's servants in running a hand car upon her. Verdict for the plaintiff for the sum of $12,000, and the defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The child was struck by a hand car in charge of the defendant's section foreman, or boss, as she was crossing its railway track in the city of Melrose on February 24, 1898. The trial court instructed the jury to the effect that the child was a trespasser upon the track of the defendant, that her parents were negligent in permitting her to be there, and that the plaintiff could not recover, unless the plaintiff had satisfied the jury, by a fair preponderance of evidence, that the defendant's servants who were running the hand car were guilty of wilful and wanton negligence, whereby the child was injured. As to what would constitute wilful and wanton negligence, the trial court further instructed the jury as follows:

"If the defendant's servants who were in control and running the hand car actually saw the child upon the track in a place of danger, and could by the exercise of reasonable care and the use of the appliances under their control have stopped the car in time to have avoided the injury, and they did not, and if their failure to do so caused this injury, then these servants would be guilty of

[1] BUCK, J., took no part.

wilful and wanton negligence, and plaintiff would be entitled to recover such sum as would compensate as far as possible for the loss sustained."

This was a correct statement of the law; for, while the term "wilful and wanton negligence" means something more than simply "negligence," or even "gross negligence," it does not include the element of malice, or an actual intent to injure another. When a person discovers another in a position of peril, although the latter is a trespasser, and negligently placed himself in such position, and the former, after so discovering him, can avoid injuring him by the exercise of ordinary care, but fails to do so, he evinces such a reckless disregard of the safety of others as to constitute, in law, wilful and wanton negligence. See Fonda v. St. Paul City Ry. Co., 71 Minn. 438, 74 N. W. 166. The correctness of the instruction we have quoted, as an abstract proposition, is practically conceded by the defendant; but it is claimed that there was no evidence in the case to justify the giving of it, and that the verdict is not sustained by the evidence.

The real question on this appeal is whether the evidence was sufficient to justify a finding by the jury to the effect that the defendant's section foreman discovered the child in a position of peril and thereafter failed to exercise ordinary care to prevent injuring her, and that such failure caused her injury. Assignments of error 1 to 3, inclusive, raise this question.

Evidence was given on behalf of the plaintiff fairly tending to establish the following facts: The place of the accident was a pathway across the defendant's railroad track, which had been used for some 20 years by the public, and especially by children going to and from school; some 50 or 60 children crossing the track on the pathway four times on each school day of the year. They were accustomed so to cross at the noon recess at 12 o'clock. The defendant's section foreman had knowledge of the custom of the school children so to cross the track at 12 o'clock each school day. At the time of the accident 15 or 20 children, including the injured child, who was then six years old, and her sister, seven years old, were crossing the track, "some on the track, some on the other side, and more coming," when a hand car in charge of the section,

foreman was driven across the pathway at a rate of 12 to 15 miles an hour, or about twice as fast as it usually ran at this point, striking the child Bertha, and so injuring her that it was necessary to amputate her right leg. The section foreman and another employee of the defendant were on the car at the time, the foreman facing the crossing. When the car was within about 150 feet of the crossing, he hallooed, but the children did not seem to notice it, and kept on crossing. After this warning was given, the speed of the car was not slackened until after the child was struck. The view of the crossing and of the children from the car was unobstructed, and by stepping upon the brake the car could have been stopped within a distance of 45 feet to 60 feet. What happened when the car reached the pathway was described by an eyewitness as follows:

"There was some children on that path, some across and some on, and just as they got on the path I saw one child have hold of another, trying to pull it off the track, and just then the car run up and struck it, and rolled it on down the track about 15 or 20 feet; rolled it along with the car; doubled it over."

The child so struck was the plaintiff's daughter, Bertha. The defendant offered no evidence.

It is claimed by the defendant that there was a lack of evidence to show that any child was discovered on the track in a position of danger in time to have enabled the men operating the hand car to avoid inflicting the injury complained of, with the use of the appliances at their disposal, and, further, that there was absolutely no evidence that they saw the child Bertha in a position of peril in time to avoid injuring her by the exercise thereafter of ordinary care. It is not material whether they saw this particular child, if they saw a flock of school children in the act of crossing the path, and discovered that any of them were in a position of peril. The evidence was sufficient to justify the conclusion of the jury that the section foreman discovered a procession of school children, oblivious of danger, crossing the path at a time when the car was 150 feet therefrom, and that he must have necessarily known, from the rate of speed the car was going, that some of them, at least, were in a position of extreme peril, or would be by the time the car reached

the crossing, and that he contented himself with shouting to them, and, regardless of the consequences, dashed across the path, without applying the brake, or attempting to slacken the speed of the car, and, further, that he might have stopped the car, and avoided injuring any of them, if he had applied the brake when he first saw their peril. The verdict is sustained by the evidence.

The fourth assignment of error is to the effect that the trial court erred in permitting a witness to state his opinion as to the time within which a hand car, running at the rate of speed the one here in question was running, could be stopped by the use of the brake in the ordinary way, for the reason that the witness was not shown to be competent. The question of his competency was, upon the evidence, one of fact for the trial court, and largely within its discretion. Sneda v. Libera, 65 Minn. 337, 68 N. W. 36. The court did not err in holding the witness competent.

The same witness, after stating the usual way of stopping a hand car, testified as follows:

"Q. Is there any other way of making an emergency stop with a hand car going at that rate of speed? A. There is. Q. How is that? A. By stepping on the rear of the hand car, and jerking up on the handle; it will throw the front wheels off, and stop it. Q. It simply runs off the track onto the ground? A. Yes. Q. Within what distance can it be stopped in that way? (Objected to as incompetent, irrelevant, and immaterial. Objection overruled. Exception.) A. About 20 or 25 feet."

The ruling is the basis of the fifth assignment of error. The evidence as to the method of making the emergency stop was received without objection. If this was material and competent, and it was conceded to be by a failure to object, it does not appear that it was error to permit the witness to answer the question which was objected to.

The last assignment of error is to the effect that the damages awarded are excessive, and appear to have been given under the influence of passion and prejudice. The damages are liberal, but we are not prepared to say that the amount thereof is not within the reasonable limits of compensatory damages, to a girl only six years old, for the loss of her right leg. It is not for a limited num-

ber of days, weeks, months, or years that she must remain a cripple. She must go through life, not like other girls and women, but physically disfigured, halting on one leg, her opportunities and prospects for a life of usefulness and happiness greatly diminished by reason of her injury.

Order affirmed.