CLARENCE M. RAWITZER v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 15, 1906.

Nos. 14,711—(104).

**Wilful Negligence.**

In a personal injury action, *held*, that the jury were properly instructed upon the issue of wilful negligence, and certain requests for instructions were properly refused.

Action in the district court for Ramsey county by plaintiff as administrator of the estate of Harry Jacobs, deceased, to recover $5,000 for the death of decedent. The case was tried before Olin B. Lewis, J., and a jury, which rendered a verdict in favor of plaintiff for $4,000. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*Munn & Thygeson,* for appellant.

*Welch, Hayne & Hubachek* and *Jones & Jones,* for respondent.

ELLIOTT, J.

On the first appeal of this case it was held that the evidence presented a case for the jury upon the issue of the wilful and wanton negligence of the motoneer in charge of the car which ran into and killed the boy. 93 Minn. 84, 100 N. W. 664. After a second trial in the district court an order granting a new trial on the ground of the inadequacy of the verdict was affirmed by this court. 94 Minn. 494, 103

[1] Reported in 108 N. W. 271.

N. W. 499. On the third trial the plaintiff recovered a verdict, and the case is now before us on appeal from an order denying the defendant's motion for a new trial.

The facts are fully stated in the previous decisions. The plaintiff was guilty of contributory negligence, and cannot recover unless the defendant was guilty of wilful and wanton negligence.

The only questions now presented arise upon the charge of the court. The defendant contends that the trial court erred in charging the jury that they might consider the speed of the car at the time of the accident; in declining to charge that if the boy was not looking at or reading the contents of the bill file, the plaintiff could not recover; in declining to define the word "peril;" and in refusing to instruct the jury in substance that if the motorman did his best to stop the car he was not guilty of wilful negligence.

These contentions require no extended consideration. While wilful negligence under the circumstances could not be predicated upon what occurred before the motorman saw the boy, it was proper that all the circumstances should be disclosed and the speed at which the car was running at and immediately before the time of the accident was a material circumstance. The reference to the city ordinance might well have been omitted, but we find no prejudicial error in the particular instruction when read in connection with the entire charge. The consideration of the speed of the car is expressly referred to the time of the accident.

The motoneer admits that, when he saw the boy, the latter had his head down and was looking at something which he held upon the handlebars of his bicycle. The request which the court refused to give at the request of the defendant was too narrow. The particular object at which the boy was looking was not material. Exactly what he was looking at or thinking about, is necessarily a matter of conjecture. The question was whether the motoneer saw that the boy's attention was engaged by something which absorbed his mind and prevented him from appreciating and recognizing the danger he was in. The motoneer admits that he saw that the boy was in peril, and was unaware of the fact. It was then his duty to use reasonable care to give the boy warning in time to avoid the accident. If, after seeing him in such position, he failed and neglected to exercise the proper degree of care

to warn the boy, or to control and stop the car, such negligence and failure would constitute wilful and wanton negligence.

The court carefully and accurately defined wilful negligence and in its general charge carefully guarded the rights of the defendant. The jury were told that the motoneer must actually have seen the boy in a place of peril in time, with the facilities at his hand to have controlled the car or to have given the boy warning in time to have avoided the accident; that if the motoneer then under the circumstances failed to exercise ordinary care to avoid the accident, he was guilty of wilful negligence. They were also instructed that if the motorman as soon as he saw the boy in peril, in the exercise of ordinary care under the circumstances considering the appliances at his hand, stopped the car in the shortest possible time and distance consistent with the safety of the passengers on the car, and did all he could in the exercise of ordinary care under the circumstances to prevent the accident, they could not find that the motorman was guilty of wanton or wilful negligence and the verdict would be for the defendant. The law was thus correctly stated.

As we find no prejudicial error in the instructions as given, or in the refusal to give the defendant's request, the order appealed from is affirmed.

Order affirmed.