# BARBARA HAVEL v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.

## MARIE KROC v. SAME.[1]

January 3, 1913.

Nos. 17,849—(124).

**Negligence — defendant not entitled to directed verdict.**
> Evidence in this, a personal injury action, as to the defendant's alleged wilful negligence, considered. *Held,* that the defendant was not entitled to a directed verdict in its favor on the issue as to its wilful negligence.

Two actions in the district court for Ramsey county by the administratrix of the estate of Vaclav Havel, deceased, and by the administratrix of the estate of Rudolph Kroc, deceased, to recover $7,500 in each case for the death of their intestates. The defense in each case was negligence on the part of plaintiff. The cases were tried together before Hallam, J., and a jury which returned a verdict in favor of Barbara Havel for $1,365.84 and in favor of Mary Kroc for $2,911.67. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendant in each case appealed. Affirmed.

*W. H. Bremner, Eugene Bryan, F. M. Miner,* and *George W. Seevers,* for appellant.

*Moritz Heim, John D. O'Brien* and *Dillon J. O'Brien,* for respondents.

START, C. J.

On the morning of January 16, 1911, at 6:35 o'clock Vaclav Havel and Rudolph Kroc were walking, as had been their custom and that of others for several years, on the defendant's right of way and tracks from Hopkins to the Monitor Drill Works, near St. Louis

[1] Reported in 139 N. W. 137.

Park, where they were and had been employed for some time. When they had reached a point about midway between the towns, they were struck and instantly killed by the defendant's passenger train. The administratrix of the estate of each brought an action in the district court of the county of Ramsey to recover damages sustained by the death of her intestate. The issues in each case were identical, and the two actions were consolidated and tried as one action. The trial court instructed the jury that upon the undisputed evidence each of the intestates was guilty of contributory negligence as a matter of law, and submitted to the jury the issue of the defendant's wilful negligence as the sole basis for a recovery. A verdict was returned for the plaintiff in each case. A motion for judgment notwithstanding the verdict was made by the defendant and denied, and it appealed from the judgment entered on the verdict in each case.

The sole question presented by the record is whether, upon the evidence, the alleged wilful negligence of the defendant was one of fact to be submitted to the jury, or one for the decision of the trial judge in favor of the defendant. There is here no question as to whether the verdict is so manifestly against the weight of the evidence as to entitle the defendant to a new trial of the issue, for there was no motion for a new trial. The rule of law applicable to the question is well settled. Wilful negligence, whereby liability is incurred, irrespective of the plaintiff's negligence, is not simply greater negligence than that of the injured party, nor does it necessarily include the element of malice or actual intent to injure another; but it is a reckless disregard of the safety of the person or property of another, by failing, after discovering the peril, to exercise ordinary care to prevent the impending injury. Sloniker v. Great Northern Ry. Co. 76 Minn. 306, 79 N. W. 168; Anderson v. Minneapolis, St. P. & S. Ste. M. Ry. Co. 103 Minn. 224, 114 N. W. 1123.

If, therefore, the evidence in this case was practically conclusive that the defendant's engineer, in charge of the locomotive hauling the train which struck and killed the men, did not discover them on the track in time to avoid striking them by the exercise of ordinary care, the defendant was entitled to a directed verdict. The engineer testified that the train was running from 25 to 28 miles an hour and

the automatic bell was ringing; that he was at his post and keeping a lookout along the track, which was straight for a mile; that it was dark, and he could not see a man on the track more than 75 to 100 feet ahead; that he saw no one at any time on the track, and did not know or learn that his engine had struck any one until he reached Minneapolis. There was no direct contradiction of his testimony that he saw no one at any time on the tracks. If the jury were bound to accept his testimony as true in its entirety, the defendant was entitled to a directed verdict. There could not, from the very nature of the case, have been any direct contradiction of the engineer's testimony that he did not see any one on the tracks; but the jury were not bound to accept it as true, if other circumstances in evidence furnished a reasonable basis for concluding that it was not true. Lang v. Ferrant, 55 Minn. 415, 57 N. W. 140.

There was other evidence tending to show that the engineer must have seen the men walking on the track and oblivious to their danger, if, as he testified, he was at his post and looking ahead along the track. There was also evidence tending to show that a man could have been seen on the track from 100 feet to a quarter of a mile ahead, and, further, that the defendant's foreman, who passed along the tracks on a hand car at 7:10 o'clock the same morning, saw the men lying on the ground when he was from 100 to 300 feet away. Upon a consideration of the whole evidence, we are of the opinion that the defendant was not entitled to an instructed verdict on the issue of its wilful negligence.

Judgments affirmed.