# ABRAM PALON v. GREAT NORTHERN RAILWAY COMPANY.[1]

March 19, 1915.

Nos. 19,007—(230).

**Wilful negligence — evidence.**
   1. The evidence justified a finding of the jury that the defendant was wilfully negligent in failing to exercise ordinary care after seeing plaintiff's ward in a position of peril.

**Stopping train — testimony of expert.**
   2. The trial court did not abuse its discretion in permitting a witness to testify as an expert as to the time in which a train could be stopped.

**Charge to jury.**
   3. A portion of a charge, conceding that it was technically erroneous, was corrected by other portions of the charge, and was not misleading.

**Damages not excessive.**
   4. An award of $22,500 for the loss of both legs half-way between the ankle and the knee, the injured person being a boy 12 years old, is not excessive.

Action in the district court for Itasca county to recover $50,000

[1] Reported in 151 N. W. 894.

for wilful injury to plaintiff's minor son. The answer denied that the accident was caused by any negligent act of defendant and alleged that it was caused solely by the negligence of Kenneth Palon who was, at the time of the accident, a trespasser upon defendant's right of way. The case was tried before Wright, J., who denied defendant's motion for a directed verdict in its favor and a jury which returned a verdict for $22,500. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Baldwin, Baldwin & Holmes* and *M. L. Countryman,* for appellant.

*J. W. Reynolds,* for respondent.

DIBELL, C.

This is an action by the plaintiff, Abram Palon, as the father and natural guardian of Kenneth Palon, his minor son, to recover damages for injuries sustained by the boy who was run over by one of defendant's trains. There was a verdict for the plaintiff. The defendant appeals from the order denying its alternative motion for judgment or for a new trial.

1. The court instructed the jury that the boy Kenneth Palon was a trespasser upon the railway tracks of the defendant at the time of his injury. Under this instruction it was necessary, to sustain a recovery, to prove wilful negligence on the part of the defendant. As applied to this case wilful negligence was a failure to exercise ordinary care to avoid injuring the boy after discovering him in a place of peril. Anderson v. Minneapolis, St. P. & S. S. M. Ry. Co. 103 Minn. 224, 114 N. W. 1123, and cases cited.

On October 27, 1913, at 8 o'clock in the evening, the boy was crossing the defendant's tracks in its Swan River yards and caught his foot in the frog of a switch. A train was approaching. He had difficulty in getting his foot loose. In getting it loose he was thrown down. Before he could get off the track the train ran over him.

The testimony of the trainmen is that by the light of the headlight an object on the track could be seen 200 to 250 feet away,

and an object could be distinguished as a human being from 150 to 200 feet, the distances given representing the estimates of different witnesses. A witness for the plaintiff made the distances considerably greater.

The engineer and head brakeman testified that they were keeping a look-out as they went through the yards and did not see the boy on the track. They were the only ones of the trainmen in a position to see. If the boy was at the frog, caught as he says he was, and trying to extricate himself, and the engineer and brakeman were on the watch, as they say they were, the jury were justified in finding that they saw him. They were justified in finding, if they found that the trainmen saw him, that they knew him to be in a place of peril. He was at the frog, trying to extricate himself, and they were familiar with the yards.

No effort was made to stop the train. The claim is that it could not have been stopped by the time it reached the frog, even had the boy been seen in a position of peril there. This is not the controlling consideration. The boy knew his peril and was endeavoring to get loose and off the track. A slackening of speed which would have given him one, two or three seconds more of time would, in all probability, have avoided the accident. So far as the record enables us to judge the testimony of the boy was frank. The same is true of that of the trainmen. The questions upon which liability depended were for the jury.

2. A witness for the plaintiff was permitted to testify as an expert as to the time within which the train could have been stopped. It is objected that no sufficient foundation was laid. The witness was an ex-employee of the defendant. His knowledge was not extensive. It required some worrying to get him to consent to make an estimate. The question whether a witness is competent to testify as an expert is largely for the trial court. 1 Dunnell, Minn. Dig. § 3335. We are of the opinion that the ruling of the trial court should not be disturbed. No other testimony upon the point was received.

3. The court charged the jury relative to the duty of those in charge of the train as follows:

"In order to require them to act in the case, it is necessary that the proof show that they saw him, not that they particularly recognized him as Kenneth Palon, but that they saw some object, a human being or some property, in a perilous position."

Objection is made to this charge because there were included in it the words "or some property." Conceding that this was objectionable, over and over again in the course of the charge, perhaps as many as seven or eight times, the court made it essential that the jury find that the trainmen saw a human being in a position of peril. This thought permeated the charge. No objection was made at the time. We cannot think that the objection is of any merit.

The charge was clear and the issues were fairly and concisely presented to the jury. They were not misled.

4. It is objected that the damages awarded are excessive. The verdict was for $22,500. One of the boy's limbs was cut off about midway between the ankle and the knee and the other was so crushed and mangled that immediate amputation at about the same place was necessary. He was 12 years old. We cannot say that the award was excessive.

Some claim is made of error in permitting the physicians to testify in rebuttal as to the nature and extent of the boy's injuries. We see nothing in the record upon which to predicate error.

Order affirmed.