## JOHN W. ECKERT v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

### January 19, 1917.

### Nos. 20,063—(199).

**Collision at street crossing — damages not excessive.**
> Verdict in an action for personal injuries, as reduced by the trial court, *held* not excessive.

Action in the district court for Ramsey county to recover $50,000 for personal injury received at a highway crossing in the city of Chicago in a collision between an automobile in which plaintiff was riding and one of defendant's trains driven at excessive speed. The answer set up the contributory negligence of plaintiff. The case was tried before Hanft, J., and a jury which returned a verdict for the amount demanded. From an order denying defendant's motion for a new trial in case plaintiff consented to a reduction of the verdict to $35,000, defendant appealed. Affirmed.

*Stringer & Seymonr,* for appellant.

*Walter D. Corrigan, Frank H. Hannaford, Henry Mahoney* and *Leonard T. Erdall,* for respondent.

[1] Reported in 160 N. W. 1020.

DIBELL, C.

Action for personal injuries. Verdict for the plaintiff. Defendant appeals from the order denying its motion for a new trial. The only question is whether the damages awarded are excessive.

The plaintiff was injured in a collision at a street crossing between an auto in which he was riding and a train of the defendant. His right arm is paralyzed and atrophied. The surgeons testifying for the plaintiff and those testifying for the defendant agree that it is useless. It is a possible source of future danger. An amputation at or near the shoulder seems advisable. The plaintiff sustained a compound fracture of the left leg between the knee and the hip joint. The leg is shortened six inches. This shortening is in the thigh. The union is fibrous and there is great deformity. There is an ankylosis of the hip joint and of the knee. The movement at the knee is slight and that at the hip very limited. There is no present use of the leg. The surgeons for the plaintiff give it as their opinion that it will never be serviceable and that his condition would be better were it off. The surgeons for the defendant indulge the hope that the leg may some time be of use. They express it in terms of possibility rather than of probability. The plaintiff sustained a fracture of the skull above the right eye and some injury to the top of the head. There is evidence that the hearing in his right ear is defective. The sight of his right eye is affected, but it is practically conceded that the defect in vision is the result of nerve fatigue and will pass away. He was in the hospital nine months. He suffered much pain. He was 28 years of age at the time of his injury. He was earning $28 per week. The verdict was for $50,000. It was reduced by the trial court to $35,000.

The verdict as reduced is not excessive. The condition of the plaintiff's arm offers no hope. His left leg may become more serviceable than the testimony of his physicians or those of the defendant gives much hope to anticipate. Sometimes such injuries do improve more than is expected. Perhaps some time in the future surgery may help him. He may accommodate himself to his crippled condition and fare better than it is now thought. There is much uncertainty. His other injuries are comparatively slight. The following cases, involving severe injuries and large awards, are useful for illustration though none furnishes

a perfect basis of comparison: Hall v. Chicago, B. & N. R. Co. 46 Minn. 439, 49 N. W. 239; Strand v. Great Northern Ry. Co. 101 Minn. 85, 111 N. W. 958, 112 N. W. 987; Whitehead v. Wisconsin Cent. Ry. Co. 103 Minn. 13, 114 N. W. 254, 467; Clay v. Chicago, M. & St. P. Ry. Co. 104 Minn. 1, 115 N. W. 949; Sprague v. Wisconsin Cent. Ry. Co. 104 Minn. 58, 116 N. W. 104; Burho v. Minneapolis & St. L. R. Co. 121 Minn. 326, 141 N. W. 300; Jenkins v. Minneapolis & St. L. R. Co. 124 Minn. 368, 145 N. W. 40; McMahon v. Illinois Cent. R. Co. 127 Minn. 1, 148 N. W. 446; Padrick v. Great Northern Ry. Co. 128 Minn. 228, 150 N. W. 807, L.R.A. 1915F, 1; Otos v. Great Northern Ry. Co. 128 Minn. 283, 150 N. W. 922; Palon v. Great Northern Ry. Co. 129 Minn. 101, 151 N. W. 894.

Order affirmed.