## THOMAS J. ASHE v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

October 26, 1917.

No. 20,321.

**Contributory negligence.**

1. Plaintiff, a switchman in a yard with two tracks, called respectively the east bound and west bound tracks, was guarding his train approaching on the west bound track. He stood between the east and west bound tracks and within the sweep of an engine on the east bound track. There was no necessity of his standing so near that track. He knew that a train was due on that track in a minute or two, yet he stood with his back to it until it struck him. *Held*, he was guilty of contributory negligence.

**Wanton negligence.**

2. Defendant's trainmen on the east bound train saw plaintiff standing between the tracks but thought he was in the clear. Plaintiff too thought he was. There is no ground for a claim of wanton negligence on the part of defendant's trainmen.

Action in the district court for Ramsey county to recover $14,000 for injuries received while in the employ of Northern Pacific Railway Company. The answer alleged that plaintiff was negligent. The case was tried before Dickson, J., who at the close of the testimony granted defendant's motion for a directed verdict. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Douglas, Kennedy & Kennedy,* for appellant.

*M. D. Munn,* for respondent.

HALLAM, J.

On December 26, 1915, plaintiff was employed by the Northern Pacific Railway Company, as switchman in one of its yards in St. Paul. Defendant operated its trains through this same yard. In the part of the yard where plaintiff was employed were two main tracks called the east

[1]Reported in 164 N. W. 803.

bound and west bound main tracks. A spur, running easterly, branched from the west bound main track. Plaintiff's train was on the spur and was approaching the west bound main. It was plaintiff's duty to keep a lookout for trains coming from the Union depot on this same west bound track. If a train appeared, then he must stop it or stop his train. If none appeared he must set the switch for his train to pass from the spur to the west bound main and "line the switch back" after his train had passed it. On this occasion the west bound main was clear and plaintiff had set the switch for his train to pass from the spur to the main track. The train was passing over the switch in that movement. Plaintiff was standing between the west bound and the east bound main tracks. He stood about two feet from the east bound track, just near enough to be within the sweep of the pilot-beam of an engine on that track. Had he stood farther away, a distance estimated by different witnesses at from two to six inches, he would have been on safe ground. While he was standing in this position looking east, a train of defendant came on the east bound track and plaintiff was struck by the pilot-beam of the engine and injured. He sued for damages. The trial court directed a verdict for defendant. Plaintiff appeals.

There is some evidence of negligence on behalf of defendant in operating the train at excessive speed and without giving proper or customary warning of its approach.

1. It seems to us, however, that plaintiff's own testimony shows that he was guilty of contributory negligence as a matter of law. Plaintiff's testimony is that he took this position at 9:14½ a. m. The train that struck plaintiff was a regular train due at this point at 9:18 a. m. Plaintiff knew this. He also knew what time of day it was, to the fraction of a minute. With this knowledge he took this position in the path of the train and stood there looking in an opposite direction until the train came along and struck him. The train was in plain sight for 600 feet before it struck him. He was under no necessity of standing in the way of the train. There was a space of eight feet between the two tracks. It is not clear that plaintiff had any further duty in connection with the switching movement of his train except to wait until it passed and then "line the switch back." If it can be said that he was still under duty of watching for trains coming down the west bound main in the rear of his

train, it appears that it was plain that there was no such train within 2,000 feet. Plaintiff was performing no duty so exacting but that he was free to look out for his own safety. His act in standing in the path of the train without any necessity of doing so, and with his back turned when he knew the train was due within a minute or two, at most, was, it seems to us, contributory negligence as a matter of law.

The case is quite different from such cases as Joyce v. Great Northern Ry. Co. 100 Minn. 225, 234, 110 N. W. 975, 8 L.R.A.(N.S.) 756; Floan v. Chicago, M. & St. P. Ry. Co. 101 Minn. 113, 111 N. W. 957; and Torkelson v. Minneapolis & St. L. R. Co. 117 Minn. 73, 134 N. W. 307, where plaintiff was absorbed in work upon or about the track on which the train approached, and it is different from Jordan v. Chicago, St. P. M. & O. Ry. Co. 58 Minn. 8, 59 N. W. 633, 49 Am. St. 486, where the exigencies of plaintiff's duties called upon him to go upon the tracks without premeditation or time or opportunity to ascertain whether there was danger.

2. Plaintiff contends that defendant was guilty of wanton negligence and that he may therefore recover regardless of contributory negligence on his part.

The rules of law on this subject in this state are now quite well settled. If a person is in a place of peril, no matter if he came there through his own negligence, another who discovers him in such place of peril is obliged to use ordinary care to avoid injuring him, and failure to exercise such care is said in law to constitute wanton or wilful negligence. Sloniker v. Great Northern Ry. Co. 76 Minn. 306, 79 N. W. 168; Rawitzer v. St. Paul City Ry. Co. 93 Minn. 84, 100 N. W. 664; Anderson v. Minneapolis, St. P. & S. Ste. M. Ry. Co. 103 Minn. 224, 114 N. W. 1123, 14 L.R.A.(N.S.) 886; Havel v. Minneapolis & St. Louis R. Co. 120 Minn. 195, 139 N. W. 137; Palon v. Great Northern Ry. Co. 129 Minn. 101, 151 N. W. 894.

The question is, was there any evidence of such wanton negligence in this case. We think there was not. Plaintiff was not on the track on which defendant's train was approaching. He was about two feet outside of the track and within a very few inches of clearing the train. It is true the engineer and fireman on defendant's train saw him there. But the significant fact is that plaintiff testified he thought he had taken

a safe place to stand. The fireman too "thought he was in the clear." In view of the fact that plaintiff had the same notion, he cannot well complain of the fireman's misjudgment. Wanton negligence cannot be predicated on such a state of facts.

Order affirmed.