## CHESTER K. HINKLE v. MINNEAPOLIS, ANOKA & CAYUNA RANGE RAILWAY COMPANY.[1]

February 20, 1925.

No. 24,238.

**Wilful contributory negligence good defense to wilful negligence of defendant.**

Wilful and wanton negligence by plaintiff is a defense to an action for plaintiff's injuries caused by the wilful and wanton negligence of the defendant.

*Headnote 1. See Negligence, 29 Cyc. p. 509.

Action in the district court for Anoka county to recover $40,000 for injuries received when defendant's car struck plaintiff's automobile while it was stalled upon a crossing. The case was tried before Giddings, J., and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*Thomas D. Schall* and *John M. Rees*, for appellant.

*John P. Coleman* and *Will A. Blanchard*, for respondent.

WILSON, C. J.

The record presents the abstract question, namely: Is wilful and wanton negligence by a plaintiff a defense to an action for plaintiff's injuries caused by the wilful and wanton negligence of the defendant?

[1]Reported in 202 N. W. 340.

The bill of exceptions does not contain the evidence. We must assume that the facts warranted the charge given. This case, however, must not be construed as an authority for the application of the doctrine we now announce to the facts as they in part appear in the record and briefs.

Contributory negligence bars an action based upon ordinary negligence. Contributory negligence has no application where defendant is guilty of wilful and wanton negligence. Such negligence incurs liability irrespective of contributory negligence.

Wilful and wanton negligence is a reckless disregard of the safety of the person or property of another by failing, after discovering the peril, to exercise ordinary care to prevent the impending injury. Anderson v. M. St. P. & S. S. M. Ry. Co. 103 Minn. 224, 114 N. W. 1123, 14 L. R. A. (N. S.) 886; Anderson v. M. St. Ry. Co. 150 Minn. 509, 185 N. W. 661; Ashe v. M. St. P. & S. S. M. Ry. Co. 138 Minn. 176, 164 N. W. 803; 8 Minn. L. R. 329; Pickering v. N. P. Ry. Co. 132 Minn. 205, 156 N. W. 3; Gill v. M. St. P. R. & D. E. T. Co. 129 Minn. 142, 151 N. W. 896; Havel v. M. & St. L. R. Co. 120 Minn. 195, 139 N. W. 137. One is liable for negligence only when such negligence is the proximate cause of the injury. When a defendant is charged with ordinary negligence contributory negligence is a good defense. Why? The answer is founded in proximate cause. In the absence of the doctrine of comparative negligence they are equally to blame. When two persons are equally at fault in producing the injury, the law leaves them where it finds them. Contributory negligence is not a defense to wanton and wilful negligence, for the very simple reason that the parties are not equally delinquent in the violation of duty. In such case the negligence of the defendant is the proximate cause of plaintiff's injury, while his negligence is no more than a remote cause.

The theory of these variations of negligence leads to but one logical conclusion, and that is that the same basic reason which causes contributory negligence to prevent a recovery in an action sounding in ordinary negligence also prevents a recovery by one who is guilty of wilful and wanton negligence from a defendant because of wilful and wanton negligence. Such negligence is just

as efficient to offset the defendant's negligence of the same character as contributory negligence offsets ordinary negligence. There can be no more comparative wantonness than there can be comparative negligence. When both parties are guilty of such negligence, neither can be selected as that which is the proximate cause and hence the law must leave both where it finds them. The conclusion is inevitable, even though its application be fraught with difficulties. We answer the inquiry in the affirmative.

There is some authority to the contrary. Central Ry. Co. v. Partridge, 136 Ala. 587.

There are some authorities that tend to support our conclusion. Spillers v. Griffin, 109 S. C. 78, 95 S. E. 133, L. R. A. 1918D, 1193; Holwerson v. St. L. & Sub. Ry. Co. 157 Mo. 216, 57 S. W. 770, 50 L. R. A. 858; Redson v. Michigan Cent. R. Co. 120 Mich. 671, 79 N. W. 939; note to A. T. & S. F. R. Co. v. Baker, 21 L. R. A. (N. S.) 440; Moore v. Lindell Ry. Co. 176 Mo. 528, 75 S. W. 672; 1 Thompson Neg. § 278; O. & M. Ry. Co. v. Eaves, 42 Ill. 288.

Affirmed.


DIBELL, J. (dissenting.)
I dissent.