**WRIGHT v. CAREY et al.**
No. 2332.

Court of Civil Appeals of Texas. Eastland.
March 5, 1943.

Rehearing Denied March 26, 1943.

Cantey, Hanger, McMahon, McKnight & Johnson, of Fort Worth, and McCartney, Darroch & McCartney, of Brownwood, for appellant.

Callaway & Callaway, of Brownwood, for appellees.

GRISSOM, Justice.

This is a suit based on the automobile guest statute (Art. 6701b, Vernon's Ann. Civ.St.) by Mrs. Emma Carey, a widow, for herself and as next friend of her minor daughter, Louise Carey, to recover damages caused by an automobile accident which oc-

curred while Sidney Wright was driving an automobile and Mrs. Carey and Louise were riding therein as his gratuitous guests. The trial resulted in a judgment awarding $1,008 for hospital, doctor and medicine bills, and awarding $500 and $1,000 as compensation for pain suffered by Mrs. Carey and Louise respectively. Wright has appealed.

The jury found (1) that immediately prior to the collision "Wright had turned his face from the front of the automobile and was hugging and kissing Louise Carey"; (2) that the manner in which Wright was driving immediately prior to the collision, while he was hugging and kissing Louise, when his face was turned from the front of the car, "was in heedless and reckless disregard of the rights of Mrs. Carey and Louise Carey"; (3) that the matter inquired about in issue 2 was a proximate cause of the collision and injuries sustained by Mrs. Carey and Louise; (4) that the acts of Wright in driving the automobile at and immediately.prior to the collision were due solely on his part to momentary inadvertence or mere inattention to the condition of the road on which he was traveling; (6) that the conduct of Louise toward Wright caused his attention to be distracted from driving the automobile prior to the collision; (7) that Louise's conduct was not negligence; (10a). that the conduct of Louise was not in heedless and reckless disregard of her own safety; (10b) that the conduct of Louise toward Wright was not in heedless and reckless disregard of the rights of Mrs. Carey; (11) that prior to the collision "either Mrs. Emma Carey or Louise Carey failed to keep a proper lookout for their own safety as a person of ordinary prudence would have kept, under the same or similar circumstances"; (12) "that the failure of Mrs. Emma Carey and Louise Carey, or either of them, to keep such proper lookout for their own safety prior to said collision, if either of them did so fail, was negligence * * *"; (13) "that the failure of Mrs. Emma Carey and Louise Carey, or either of them, to keep such proper lookout for their own safety prior to said collision, if either of them did so fail, was a proximate cause of said collision"; (14) "that the failure of Mrs. Emma Carey and Louise Carey, or either of them, to keep such proper lookout for their own safety prior to said collision, if either of them did so fail, * * *" was not the sole proximate cause of said collision.

The Court recited in the judgment that there was no evidence to support the answer to issue 4, that the accident was due to momentary inadvertence or inattention on the part of Wright to the condition of the road.

Appellant's first and second points of error are as follows:

(1) "Contributory negligence on the part of a guest is a defense to a suit brought under the 'guest statute' and jury findings of contributory negligence are a bar to recovery in such action";

(2) "The jury's findings in answer to Special Issues 11, 12 and 13 that Plaintiffs were negligent in failing to keep a proper lookout for their own safety and that such failure was the proximate cause of the collision entitled Defendant to judgment, and the Court erred in ignoring such findings and in rendering judgment against him."

█ It appears to be universally recognized that a plaintiff's contributory negligence does not bar recovery against a defendant for an injury intentionally inflicted by the defendant. It is further recognized that a plaintiff's contributory negligence does not bar. recovery in cases of discovered peril. McDonald v. International & G. N. R. Co., 86 Tex. 1, 22 S.W. 939, 40 Am.St.Rep. 803. Also see Morgan & Bros. v. Missouri, K. & T. R. Co., 108 Tex. 331, 193 S.W. 334; McAdoo v. McCoy, Tex.Civ.App., 215 S.W. 870, writ refused; Wilson v. Southern Traction Co., 111 Tex. 361, 234 S.W. 663; Sugarland Industries v. Daily, 135 Tex. 532, 536, 143 S.W.2d 931; Montgomery v. Houston Electric Co., 135 Tex. 538, 144 S.W.2d 251; Ft. Worth Elevator Co. v. Russell, 123 Tex. 128, 149, 70 S.W.2d 397; Galveston, H. & S. A. R. Co. v. Zantzinger, 92 Tex. 365, 48 S.W. 563, 44 L.R.A. 553, 71 Am.St.Rep. 859; 15 T.L.R. 125; 49 Am.St.Rep. 30, note; 54 Am.St.Rep. 216 note; 62 Am.St.Rep. 226, note; 69 Am.St.Rep. 741, note; 71 Am.St.Rep. 866, note; 81 Am.St.Rep. 928, note; 83 Am.St.Rep. 258, note; 114 A.L.R. 837, note. In McDonald v. International & G. N. R. Co., 86 Tex. 1, 12, 22 S.W. 939, 943, 40 Am.St.Rep. 803, Judge Gaines said: "The question, then, is whether the ordinary negligence of the plaintiff will defeat a recovery when the negligence of the defendant contributing to the injury is gross."

After discussing authorities and declaring that the doctrine or rule of comparative

negligence is not recognized in Texas, he said: "The doctrine that any degree of negligence which may be gross on part of a defendant will enable a plaintiff to recover, notwithstanding his own negligence, is unsound in principle."

In 2 Restatement of the Law of Torts, § 482, pp. 1261 and 1262, the applicable rule is stated thus:

"(1) Except as stated in Subsection (2), a plaintiff's contributory negligence does not bar recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety.

"(2) A plaintiff is barred from recovery for harm caused by the defendant's reckless disregard for the plaintiff's safety if, knowing of the defendant's reckless misconduct and the danger involved to him therein, plaintiff recklessly exposes himself thereto."

2 Restatement of the Law of Torts 1293, defines "reckless disregard of safety" as follows: "The actor's conduct is in reckless disregard of the safety of another if he intentionally does an act or fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize that the actor's conduct not only creates an unreasonable risk of bodily harm to the other but also involves a high degree of probability that substantial harm will result to him."

In 38 American Jurisprudence 854 it is said: "There is an abundance of authority for the proposition that contributory negligence is not a defense in an action based upon wilful or wanton misconduct or intentional violence. Even in jurisdictions where the doctrine of comparative negligence is rejected as a general principle of the common law, contributory negligence is no defense to an action based on the defendant's reckless, wilful, wanton, or intentional misconduct. There is no more reason for permitting the defense of contributory negligence in a case where the injury was caused by wilful, wanton, or reckless misconduct, than there is for permitting it in a case of assault and battery."

At page 855 of the same authority it is said: "Although conduct of the defendant precluding the defense of contributory negligence has been called negligence with such qualifying adjectives as 'gross', 'wanton', 'reckless', or 'wilful', strictly speaking this is an incorrect and misleading use of the word 'negligence'. Negligent conduct, whatever may be the characterization applied to it, is not sufficient to preclude the defense of contributory negligence. A defendant's act is properly characterized as wilful, wanton, or reckless, within the meaning of the foregoing rule, only when it was apparent, or reasonably should have been apparent, to the defendant that the result was likely to prove disastrous to the plaintiff, and he acted with such an indifference toward, or utter disregard of, such a consequence that it can be said he was willing to perpetrate it. The elements necessary to characterize an injury as wantonly or wilfully inflicted, are (1) knowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another, (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand, and (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another. If one wilfully injures another, or if his conduct in inflicting the injury is so wanton or reckless that it amounts to the same thing, he is guilty of more than negligence. His conduct is characterized by wilfulness rather than by inadvertence; it transcends negligence and is different in kind. Otherwise stated, the omission to use care and diligence to avert a threatened danger to another constitutes conduct which precludes the defense of contributory negligence when it arises from a deliberate purpose to inflict injury and also when it is due to that reckless disregard for the safety of others to which the law imputes an intention to do harm. For an act to fall within the category of wanton or wilful negligence, which renders the defense of contributory negligence available to a motorist who is charged with negligence, it need not spring from ill will or wear a cloak of malicious intent." 38 Amer.Jur. 856.

In Aycock v. Green, Tex.Civ.App., 94 S.W.2d 894, writ dismissed, it was said that the contributory negligence of a plaintiff in a suit under the automobile guest statute did not bar recovery for an injury resulting from the intentional or wanton acts of the operator of an automobile. But, it is apparent, as later stated by the same court in Crosby v. Strain, 99 S.W.2d 659, the question of whether the contributory negligence of the guest is a defense available to the operator of an automobile who is found

guilty under the statute of heedless or reckless disregard of the rights of the guest, was not a question necessary to the decision in that case, and that said court's expressions on that subject were dicta.

In Napier v. Mooneyham, 94 S.W.2d 564, writ dismissed, this court seems to have assumed that contributory negligence of a guest is a defense in an automobile guest statute case, notwithstanding the defendant is convicted of conduct evincing a heedless and reckless disregard of the guest's safety. That contributory negligence of a guest is a bar to recovery under the guest statute was not questioned in that case. Also see Galveston, H. & S. A. R. Co. v. Zantzinger, 93 Tex. 64, 53 S.W. 379, 47 L.R.A. 282, 77 Am.St.Rep. 829; 39 C.J. 817; Texas Pac. C. & O. Co. v. Robertson, 125 Tex. 4, 79 S. W.2d 830, 98 A.L.R. 262; Rowan v. Allen, 134 Tex. 215, 134 S.W.2d 1022; Scott v. Gardner, 137 Tex. 628, 631, 156 S.W.2d 513, 141 A.L.R. 50.

In Scott v. Gardner, Tex.Civ.App., 106 S.W.2d 1109, writ dismissed, it was held that contributory negligence is not a defense under the guest statute.

▮▮ Whether, under the guest statute, contributory negligence of a plaintiff guest is a bar to recovery against the operator of an automobile guilty of heedless and reckless disregard for the safety of his guest, only as stated in section (2), 2 Restatement of Torts 1262, is not necessary to a decision of this case. There was no finding that Mrs. Carey was guilty of contributory negligence. There was no finding that Louise was guilty of contributory negligence. The answer to issue 11 that "either Mrs. Emma Carey or Louise failed to keep a proper lookout for their own safety," and the answer to issue 12 that the failure of Mrs. Carey and Louise "or either of them, to keep such proper lookout for their own safety prior to the collision, if either of them did so fail, was negligence", and the answer to issue 13 that the failure of Mrs. Carey and Louise, "or either of them, to keep such proper lookout * * * if either of them did so fail, was a proximate cause of said collision," does not constitute a finding that Mrs. Carey failed to keep a proper lookout, that such failure was negligence and a proximate cause of the collision, nor do such answers constitute a definite finding that Louise failed to keep a proper lookout, that her failure to do so was negligence and a proximate cause of the collision. Since there was a joint recovery for expenses incurred for doctors, hospitals and medicine, and Mrs. Carey recovered a judgment for $500 and there was a separate recovery of $1,000 for the benefit of Louise, under such ambiguous answers, how can it be said which one of said plaintiffs is barred from recovery by reason of her contributory negligence, if contributory negligence is a defense. It has been repeatedly held that neither the trial court nor this court is permitted to speculate as to what the jury intended by such a finding. Such a verdict is too ambiguous to constitute a proper basis for a judgment. The most that could possibly be said in favor of appellant's view (and assumption that there was a definite finding that one or both of the plaintiffs was guilty of contributory negligence) is that the jury probably intended to find (as they apparently did in answer to issue 11) that "either" Mrs. Carey "or" Louise failed to keep a proper lookout. It is evident that they did not say whether it was Mrs. Carey or Louise who failed to keep a proper lookout, and, therefore, it is impossible to render a judgment based on the verdict. The jury did not find that both of the plaintiffs were guilty of contributory negligence. They did find that the failure of Mrs. Carey and Louise, "or either of them", to keep a proper lookout was not the sole proximate cause of said collision. In support of our conclusion that answers to issues 11, 12, and 13 are insufficient as a finding of contributory negligence to constitute a support for a judgment for defendant (if contributory negligence constitutes a defense in such a suit), we cite the following authorities: Northern Texas Traction Co. v. Armour & Co., 116 Tex. 176, 288 S.W. 145; Id., Tex. Civ.App., 290 S.W. 544; Humble Oil & Refining Co. v. Pritchett, Tex.Civ.App., 25 S. W.2d 909; Garlitz v. International-Great Northern R. Co., Tex.Civ.App., 11 S.W.2d 591; Pecos & N. T. Ry. Co. v. Railroad Commission of Texas, Tex.Civ.App., 193 S. W. 770; Riske v. Rotan Grocery Co., 37 Tex.Civ.App. 494, 84 S.W. 243; Miller v. Pettigrew, Tex.Civ.App., 10 S.W.2d 168.

Appellant's first and second points are overruled.

▮ In answer to issue 4, the jury found that Wright's acts immediately prior to the collision were due solely to momentary inadvertence or inattention. Appellant insists that if such answer did not entitle him to judgment, then such finding is in direct conflict with the jury's answer to

issues 1, 2 and 3, and that such conflict nullifies the verdict. In answer to issues 1, 2 and 3, the jury found (1) that immediately prior to the collision appellant turned his face from the front of the automobile and was kissing Louise; (2) that such act was in heedless and reckless disregard of the rights of appellees, and (3) the proximate cause of appellee's injuries. The question arises whether or not the same act of appellant can be in heedless and reckless disregard of the rights of his guests, and yet be due on his part solely to momentary inadvertence or inattention. It has been many times held, and, we think, correctly, that momentary thoughtlessness, inadvertence, inattention, or error of judgment does not constitute heedless and reckless disregard of the right of others within the automobile guest statute. An act cannot be done in heedless and reckless disregard of the rights of others, and at the same time be due solely to momentary inadvertence or inattention. 2 Restatement of The Law of Torts 1294; Hamilton v. Perry, Tex.Civ.App., 109 S.W.2d 1142; Pfeiffer v. Green, Tex. Civ.App., 102 S.W.2d 1077; Rowan v. Allen, 134 Tex. 215, 220, 134 S.W.2d 1022; Aycock v. Green, Tex.Civ.App., 94 S.W. 2d 894; Linn v. Nored, Tex.Civ.App., 133 S.W.2d 234, 238; Mims v. Seltzer, Tex. Civ.App., 143 S.W.2d 973; Paschall v. Gulf, C. & S. F. R. Co., Tex.Civ.App., 100 S.W.2d 183, 191. Since the answer of the jury to issue 2, that Wright's act immediately prior to the accident was in heedless and reckless disregard of the rights of appellees, and the answer to issue 4 that said act was due solely to momentary inadvertence or inattention, cannot both be true, one or the other must of necessity be false. They are in irreconcilable conflict, and neither constitutes a proper basis for a judgment. 41 Tex.Jur. 1226; Texas Interurban Ry. v. Hughes, Tex.Com.App., 53 S.W.2d 448.

The Court found there was no evidence to support the answer of the jury to issue 4, that the accident was due to momentary inadvertence or inattention on the part of Wright. A careful consideration of the testimony bearing on this question compels the conclusion that the evidence raised that issue. Under Rules of Civil Procedure 301 (formerly Article 2211), the Court was precluded from rendering a judgment notwithstanding the verdict in the absence of a motion for judgment non obstante veredicto. The transcript contains no such motion nor notice thereof. Since they do not appear in the transcript, or otherwise, we are compelled to assume there was no such motion or notice. The court erred in disregarding the material answer to issue 4, which conflicts with the answer to issue 2, first, because the evidence was sufficient to raise issue 4, and second, because Rule of Civil Procedure 301 was not complied with. Hines v. Parks, 128 Tex. 289, 96 S.W.2d 970.

Appellant's motion for a directed verdict did not "state the specific grounds therefor" as required by Texas R.C.P. 268. This rule is extracted verbatim from Federal Rules of Civil Procedure, 50(a), 28 U. S.C.A. following section 723c. The Federal courts have held that failure to state the specific grounds therefor is sufficient to justify a denial of the motion. Atlantic Greyhound Corp. v. McDonald, 4 Cir., 125 F.2d 849. The only action of the court in this regard that appellant could complain of was its action in overruling appellant's motion for a directed verdict. Since such action was justified by the failure to state the specific grounds therefor in the motion, appellant's fifth and sixth points will not be further considered and are overruled.

Upon another trial plaintiffs' petition should be so amended as to eliminate all reference to Smith as a defendant, since Smith's plea of privilege was sustained and the cause as to him ordered transferred to Kerr County. Carey v. Smith, 168 S.W. 2d 889, decided by this Court January 15, 1943.

We answer appellant's contention that he should have been granted a new trial, because of the alleged insinuation in the presence of the jury that defendant was protected by insurance, with the language of the Supreme Court in Jackson v. Edmondson, 136 Tex. 405, 151 S.W.2d 794, 795, "Since no questionable allusion that might inject into the case the question of insurance should be made upon another trial, it is unnecessary to discuss and determine the question as presented * * *." There are other questions which need not arise on another trial and do not require discussion.

If upon another trial there is evidence thereof, the Court should submit issues as to each of plaintiff's heedless and reckless disregard for her own safety. Hinkle v. Minneapolis A. & C. R. Co., 162

754

Minn. 112, 202 N.W. 340, 41 A.L.R. 1377, 1379, note; 2 Restatement of Torts 1262; Galveston, H. & S. A. R. Co. v. Zantzinger, 92 Tex. 365, 371, 48 S.W. 563, 44 L.R.A. 553, 71 Am.St.Rep. 859; 30 Tex. Jur. 668, 671; Schubring v. Weggen, 234 Wis. 517, 291 N.W. 788; Price v. Schroeder, 35 Cal.App.2d 700, 96 P.2d 949; Kirk v. Birkenbach, Ohio App., 32 N.E.2d 76; Key v. Charleston & W. C. R. Co., 144 S.C. 164, 142 S.E. 336.

The judgment is reversed, and the cause remanded.