VERNON D. WEISS v. GREAT NORTHERN
RAILWAY COMPANY.
CITY OF COON RAPIDS v. SAME.

176 N. W. (2d) 109.

March 6, 1970—No. 41891.

*William Merlin, LaMar Piper,* and *William Merlin Law Firm,* for appellants.

*Anthony Kane, D. E. Engle,* and *Richard V. Wicka,* for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Frank T. Gallagher, and Theodore B. Knudson, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of the district court.

At about 10 a. m. on September 30, 1966, a collision occurred where 121st Avenue N. W. in the city of Coon Rapids, Minnesota, crosses the railway tracks of defendant Great Northern Railway Company. A southbound Great Northern train (double engine, 16 cars, and caboose) collided with a road grader owned by the city of Coon Rapids and then being used by its employee, Vernon D. Weiss, for street improvement at the intersection. Mr. Weiss was injured; the grader was damaged. Weiss instituted an action against the Great Northern Railway Company to recover the loss he sustained, and a separate action was brought by the city of Coon Rapids to recover for the grader. Upon the evidence adduced at a consolidated trial, the district court directed a verdict in each case for defendant. The issue on appeal is whether the evidence, considered in the light most favorable to plaintiffs, would have justified a jury finding in their favor notwithstanding the admitted contributory negligence of Weiss in operating the grader on the tracks without keeping a lookout for approaching trains. We agree with the trial court's conclusion that such a verdict would not have been justified.

Plaintiffs contend, in effect, that the evidence in this case is sufficient to support findings as follows:

(1) The crossing where the accident occurred was plainly visible to defendant's southbound engineer for about 4,000 feet before he reached it.

(2) When 2,500 feet from the crossing, defendant's engineer knew that the grader then operated by Weiss was on the tracks at the 121st Avenue intersection.

(3) Knowing that the grader was on the tracks at that time (or perhaps even before), defendant's engineer should have made an immediate effort to stop the train to avoid the possibility of a collision.

(4) When 2,500 feet from the intersection, the engineer, had he then applied the emergency stopping system, could have brought the train to a stop before it reached the 121st Avenue crossing.

(5) Even if the train had not been brought to a stop, the grader would have cleared the tracks before collision had its operator been given the added time this reduction of train speed would have allowed.

The legal theory, sometimes termed the doctrine of discovered peril, which is invoked by plaintiffs, is that embodied in Minnesota Jury Instruction Guides, Instruction 126, which provides:

"If you find defendant negligent and also find that plaintiff by his own negligence placed himself in a position of danger, you may nevertheless find for plaintiff if you find that:

"1. Defendant had actual knowledge of plaintiff's dangerous position; and

"2. After discovering plaintiff's dangerous position defendant by the use of reasonable care could have avoided the (accident) (collision)."

The relevant decisions were recently reviewed in Koval v. Thompson, 272 Minn. 53, 56, 136 N. W. (2d) 789, 792, where we said:

"* * * Under our cases, the doctrine [of discovered peril] cannot be applied unless it is established that plaintiff's negligence preceded that of defendant as distinguished from operating contemporaneously therewith (Fonda v. St. Paul City Ry. Co. 71 Minn. 438, 74 N. W. 166); that defendant had actual knowledge of plaintiff's dangerous position in the sense that defendant realized plaintiff's predicament (Carlson v. Sanitary

Farm Dairies, Inc. 200 Minn. 177, 273 N. W. 665) ; and after such realization, had sufficient time and the then-existing ability to avoid the collision. Westerberg v. Motor Truck Service Co. 158 Minn. 202, 197 N. W. 98."

It is not sufficient to show that the defendant should have or could have discovered the peril in the exercise of reasonable care. It must be shown that defendant actually discovered the peril when he had sufficient time and the then-existing ability to avert the harm. Brannan v. Shertzer, 242 Minn. 277, 64 N. W. (2d) 755; Gardner v. Germain, 264 Minn. 61, 117 N. W. (2d) 759; Bryant v. N. P. Ry. Co. 221 Minn. 577, 23 N. W. (2d) 174; Hinkle v. Minneapolis, A. & C. R. Ry. Co. 162 Minn. 112, 202 N. W. 340, 41 A. L. R. 1377; Ashe v. Minneapolis, St. P. & S. S. M. Ry. Co. 138 Minn. 176, 164 N. W. 803; Rawitzer v. St. Paul City Ry. Co. 98 Minn. 294, 108 N. W. 271; Sloniker v. G. N. Ry. Co. 76 Minn. 306, 79 N. W. 168.

Even though for purposes of discussion we accept plaintiffs' version of the facts, the causative contributory negligence chargeable to plaintiffs would bar recovery. The doctrine of discovered peril would have application in this case only if (1) the operator of the grader was unable to remove the grader from the railway tracks in time to avoid collision, and (2) this inability was known to defendant's engineer at a time when the exercise of reasonable care on his part would have been adequate to avert the collision. There is no evidence in this record to support such findings.

It is true that defendant's engineer observed the grader on the tracks at the 121st Avenue intersection when the engineer was 2,500 feet or more north of the intersection. The speed of the train at that time was 60 miles per hour. But even if the engineer had continued at this speed, the grader operator would have had approximately 30 seconds to move his equipment off the tracks had he been properly observant and had he elected to do so. At that point there was nothing to indicate to the engineer that the

grader operator was either inattentive or without capacity to move the grader out of the danger zone. While the record does not show the minimum time needed to make the train's emergency braking system operative after perception of peril ahead, it is established that the emergency brakes of this train were applied and functioning for 1,500 feet before the train hit the grader. Because of the speed at which the train was traveling and its size, it nevertheless struck the grader at 45 miles per hour and moved beyond the intersection about 900 feet. It is arguable, perhaps, that the speed of the train when the grader was observed was excessive or that the braking system with which the train was equipped was inadequate. But such negligence does not insulate Weiss' admitted contributory negligence. It is only where the defendant has knowledge of the plaintiff's peril and his inability to extricate himself, and the defendant *thereafter* fails to exercise the reasonable care which under the circumstances then existing would have averted the accident, that the contributory negligence of the plaintiff is excused. So far as we are able to tell from this record, there was nothing defendant or its engineer did or failed to do that would make the doctrine applicable in this case.

The city of Coon Rapids has urged that we consider the application of the rule of Weber v. Stokely-Van Camp, Inc. 274 Minn. 482, 144 N. W. (2d) 540, to this case. We decline to do so. A theory neither presented to the trial court nor briefed on appeal will not be applied when an appellant's right to recovery under such theory does not appear as a matter of law. Haugland v. Canton, 250 Minn. 245, 84 N. W. (2d) 274. In this case, the negligence of defendant does not appear as a matter of law, and the city may have been negligent in failing to protect the equipment and its operator by means of a flag man or other means.

Affirmed.