ALGER, SMITH & COMPANY v. DULUTH–SUPERIOR TRACTION COM-
PANY.[1]

November 18, 1904.

Nos. 14,018—(53).

**Wanton Negligence.**

Wilful or wanton negligence, whereby liability is incurred irrespective
of the contributory negligence of the party injured, is a reckless disregard
of the safety of the person or property of another, by failing, after dis-
covering the peril, to exercise ordinary care to prevent the impending
injury.

**Submission to Jury.**

The trial court erred in submitting the question of the defendant's wilful
negligence to the jury in this case.

Appeal by plaintiff from an order of the district court for St. Louis
county, Ensign, Cant and Dibell, JJ., reversing an order of the munici-
pal court of Duluth and directing a new trial.   Affirmed.

*L. C. Harris,* for appellant.
*Thos. S. Wood,* for respondent.

START, C. J.

This action was brought in the municipal court of the city of Du-
luth to recover damages for the loss of plaintiff's horse, caused by
the alleged negligence of the defendant in operating its street car.
Trial by jury, and verdict for $75.   The defendant made a motion for
judgment notwithstanding the verdict or for a new trial, and ap-
pealed to the district court of the county of St. Louis from an order
denying its motion.   The district court made its order reversing that
of the municipal court and granting the defendant's motion for a
new trial.   The plaintiff appealed from the order.

The municipal court submitted to the jury the question of the de-
fendant's wilful negligence, and instructed them, in effect, that, if
plaintiff's negligence proximately contributed to its loss, it could not
recover, no matter how negligent the defendant may have been, un-
less its negligence was such as to imply a wilful intention to inflict

[1] Reported in 101 N. W. 298.

the injury, and further that the plaintiff could recover, notwithstanding its own negligence, if the defendant, by the exercise of ordinary care after ascertaining the danger to plaintiff's property, might have avoided the injury. The district court granted a new trial on the ground that the record discloses no evidence to justify the submission of the question of wilful negligence to the jury. The sole question then for our decision is this: Is there any evidence in the case which would fairly sustain a finding by a jury that the defendant was guilty of wilful negligence in the premises?

There is a well-defined distinction between ordinary negligence and wilful or wanton negligence. Ordinary negligence is not actionable if the negligence of the injured party directly contributed to the result, but liability is incurred by wilful negligence irrespective of such contributory negligence. Wilful negligence is not simply greater negligence than that of the injured party, nor does it necessarily include the element of malice or an actual intent to injure another. But it is a reckless disregard of the safety of the person or property of another by failing, after discovering the peril, to exercise ordinary care to prevent the impending injury. Fonda v. St. Paul City Ry. Co., 71 Minn. 450, 74 N. W. 166; Sloniker v. Great Northern Ry. Co., 76 Minn. 306, 79 N. W. 168; Lando v. Chicago, St. P., M. & O. Ry. Co., 81 Minn. 279, 83 N. W. 1089; Olson v. Northern Pac. Ry. Co., 84 Minn. 258, 87 N. W. 843; Rawitzer v. St. Paul City Ry. Co., supra, page 84.

The evidence tends to show that an employee of the plaintiff was driving its team along one of the public streets of the city of Duluth; that when he reached a point where another team was standing on the street, next to the curb, he drove one of his horses onto one of the rails of the defendant's street railway track in an attempt to drive around the team; and further that he heard the car coming close behind him, but before he could turn the horse from the track the car struck him, whereby the horse was so seriously injured that it was necessary to kill him. It is true that the motorman who was driving the car first saw the driver of plaintiff's team when he was five hundred feet from him. But the evidence is not sufficient to sustain a finding by the jury that the motorman might have avoided injury to the plaintiff's horse by the exercise of ordinary care after he discovered that

it had been turned upon the track and was in danger of being struck by the car. The trial court erred in submitting to the jury the question of the defendant's wilful negligence.

Order affirmed.