ELIZABETH GIBBONS v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

July 27, 1906.

Nos. 14,850—(167).

**Contributory Negligence.**

Evidence in this a personal injury action considered, and *held*, that it conclusively establishes the contributory negligence of the plaintiff's intestate.

Action in the district court for Anoka county by plaintiff as administratrix of the estate of John Gibbons, deceased, to recover $1,990 for the death of decedent. The case was tried before Giddings, 'J., who directed a verdict in favor of defendant. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Wyman & Blanchard,* for appellant.

*C. W. Bunn* and *Emerson Hadley,* for respondent.

START, C. J.

On August 26, 1904, Mr. John Gibbons, while on the railway tracks of the defendant within the limits of the city of Anoka, was struck and killed by one of the defendant's passenger trains. This action was brought by the administratrix of his estate to recover damages for his death on the ground that it was caused by the alleged negligence of the defendant. On the trial and at the close of the evidence the defendant moved the court to direct the jury to return a verdict in favor of the defendant, for the reason that the evidence showed conclusively that the plaintiff's intestate was guilty of contributory negligence, which was the cause of his death, and for the further reason that the plaintiff had failed to show any negligence on the part of the defendant. The court granted the motion and a directed verdict was returned for the defendant. The plaintiff appealed from an order denying her motion for a new trial.

The evidence shows that the place of the accident was an open farming country a mile from the defendant's railway station in the city of Anoka; that for a number of miles either way from such place

[1] Reported in 108 N. W. 471.

the railway tracks and right of way of the defendant were parallel to and adjoined those of the Great Northern Railway Company; that the right of way of both companies was fenced as one inclosure, the tracks being about twelve feet apart; that the tracks were practically straight and level and the view unobstructed for some four miles west of the place of the accident in the direction whence the train came that killed the deceased; that the deceased at the time of his death owned and resided upon a tract of land bounded on the south by the defendant's right of way, and he had resided there for thirty years; that he and his family, from the time the defendant's right of way was occupied by it to the time of his death, were accustomed to use the track and right of way for the purpose of passing to and from their home to the city of Anoka, and for their use gates were placed and maintained by the defendant in its right of way fence; that he lived beside the track for many years, he had worked for the defendant as a sectionman, and must of necessity have been familiar with the locus in quo and the manner of running trains along both tracks; that on the morning of August 26, at about seven o'clock, he was walking between the rails of the defendant's tracks going towards the city; that when he had walked some two hundred fifty feet along the track a passenger train of the Great Northern from the west was passing along its track, and as it went by him he was standing between the rails, evidently absorbed in watching the passing train; that the fireman shouted to him, swung his hand toward the defendant's coming train, but apparently failed to make him understand, for, as the engine passed him he turned, faced east—that is, with his back to the approaching train—and took a step or two, when the approaching train struck him and killed him; that the wind was blowing and carried the dust raised by the Great Northern train across the defendant's track, so that its approaching train could not be seen at a distance away of more than two hundred feet; and, further, that the men in charge of the defendant's engine did not check the speed of the train, or blow the whistle, or do any other act to warn the deceased of his danger, but after they actually discovered him on the track they could not have stopped the train in time to have avoided striking him by the exercise of due care. There was other evidence which, for the purposes of a decision of this appeal only, may be conceded to be sufficient

to sustain a finding that the defendant was guilty of negligence as alleged in the complaint.

The evidence to prove the facts we have stated was practically conclusive. The deceased, at the time he was killed, was simply a licensee upon the defendant's tracks by its implied assent, and he was bound to exercise due care to protect himself from the perils incident to the defendant's running its trains on its own exclusive right of way. He was entirely familiar with the premises and knew that there were two railroad tracks side by side upon which trains ran rapidly, and he must have fully appreciated the danger incident to walking on the tracks. It is clear that, notwithstanding the noise and dust caused by the other train, if he had exercised any care to ascertain the approach of trains on the defendant's track, he could have seen, by looking back, the approach of the defendant's train in time to have stepped off the track and saved himself. The evidence does not tend to show that the deceased was suddenly confronted by an emergency, resulting in his fright or bewilderment, rendering him incapable of looking out for his own safety.

The record presents the simple case where the deceased, knowing that he was in a place of danger, but absorbed in watching a passenger train on another track, turns after it passes and starts to walk on, without exercising his sense of sight to ascertain whether or not another train was approaching on the track upon which he was walking. We find the evidence in this case so conclusive of the fact that we must and do hold that it establishes the contributory negligence of the deceased as a matter of law. It follows that the trial court correctly directed a verdict for the defendant, unless the evidence was sufficient to justify the jury in finding that the defendant was guilty of wanton negligence. Wilful or wanton negligence, whereby liability is incurred irrespective of the contributory negligence of the party injured, is a reckless disregard of the safety of the person or property of another by failing, after discovering the peril, to exercise ordinary care to prevent the impending injury. Alger, Smith & Co. v. Duluth-Superior Traction Co., 93 Minn. 314, 101 N. W. 298. There was no evidence in this case which would warrant the submission of the question of defendant's wilful negligence to the jury; for

there is no evidence that the defendant's trainmen discovered the deceased in a position of peril in time to avert the collision.

Order affirmed.

BROWN and ELLIOTT, JJ., dissent.