Marshall, C. J.
This recora presents two questions for determination:
1. What is a wilful tort, as distinguished from negligence ?
2. Do the facts and circumstances as disclosed by this record show such wilful and wanton acts as preclude the defendant from urging the negligence of plaintiff as a defense to the action ?
The first of these questions involves a determination of the elements constituting negligence in the abstract, but more particularly a determination of the elements of negligence as applied to personal injuries, because it is only the latter proposition *66 with which we are particularly concerned in the instant case.
Negligence has been classified by some authorities into three branches, slight, ordinary, and gross ; the first being considered to be the want of great care and diligence, the second the want of ordinary care and diligence, and the third the want of slight care and diligence. Judge Thompson in his standard work on negligence pronounces any classification unsound, and declares that the subject is not capable of definition into compartments by mathematical lines. It is quite certain that ordinary jurors, untrained in the law, are incapable of understanding the refinements whereby distinctions are drawn between the three classes, which are in some jurisdictions fully recognized. The distinctions can have no practical purpose or effect, because a defendant who has been guilty of negligence, resulting in damage to a plaintiff, is bound to compensate such plaintiff for the damage done, whether the negligence be slight, ordinary, or gross. The distinction may have some practical value as applied to contributory negligence, but that is not pertinent to our present inquiry. The courts of Ohio, in the different adjudications on this subject, have made use of each of the .three terms, but in no case has the distinction between ■them been drawn in such manner as to give any practical value to a classification of the subject. The adjudicated cases in Ohio and elsewhere furnish a wide variety of definitions of negligence, and it is recognized by all authorities that there is no comprehensive, definition of the term which can be *67 of much value in the practical administration of justice. Any general statement of the legal doctrine must be subject to many qualifications and any definition must leave many elements undefined. A simple definition that has been most often used, and which, if not particularly helpful, is at least concise and without danger of committing reversible error, is stated as the failure to do what a person of ordinary prudence would do under the circumstances of a particular case. While, primarily, neglect is an act of omission, it is clearly made to comprehend also acts of commission. It includes not only the omission to do something which a reasonably prudent man guided by those impulses which regulate the conduct of human affairs would ordinarily do, but includes also the doing of things which such a man under similar circumstances would not do. It is very clear, therefore, that the legal duty which the defendant owes to the plaintiff in any given case depends upon the surrounding facts and circumstances, and any legal controversy must leave to 'the jury a determination according to their own ideas of what a person of ordinary prudence would have done under those circumstances.
Negligence in any degree, whether slight, ordinary, or gross, may, exist without the intention or purpose of doing damage, and the plaintiff is entitled to recover compensatory damages without regard to the animus of the defendant. This principle is of the utmost importance and should be at all times carefully observed, because a plaintiff should not be placed under the burden of proving intent or purpose, where negligence only is charged, '
*68 The term wilful negligence is found in many of the adjudicated cases, but it is apparent from a careful analysis of the phrase that there is a clear incompatibility therein. Negligence is synonymous with heedlessness, carelessness, thoughtlessness, disregard, inattention, inadvertence, remissness and oversight. Wilfulness implies design, set purpose, intention, deliberation. Strictly speaking, wilful negligence is not negligence at all. Wherever an exercise of the will is exerted there must be an end of inadvertence, and, as has been stated by a prominent writer on this subject, “To say that an injury resulted from the negligent and wilful conduct of another is to affirm that the same act is the result of two opposite mental conditions, heedlessnéss and purpose or design.” We quote the following from 29 Cyc., 509, 510: “To constitute a wilful injury the act must have been intentional, or the act or omission which produced it must have been committed under such circumstances as evinced reckless disregard of the'safety of others, as by failure after discovering the danger to exercise ordinary care to prevent impending injury. In order that one may be held guilty of wilful or wanton conduct, it must be shown that he was conscious of his conduct, and conscious, from his knowledge of existing conditions, that injury would likely or probably result from his conduct, and that with reckless indifference to consequences he consciously and intentionally did some wrongful act or omitted some known duty which produced the injurious result. In order to establish wantonness it is not necessary to show an entire want of care. The violation of a *69 statute does not constitute a wilful wrong. A wilful injury will not be inferred when the result may be reasonably attributed to negligence or inattention.”
Many cases have used the terms “gross negligence,” “wilful negligence” and “wanton negligence” without drawing the clear distinctions which must be observed in a proper analysis of the subject, and have thereby led to unfortunate results. A defendant might be guilty of the grossest negligence and his acts might be fraught with the direst consequences without having those. elements of intent and purpose necessary to constitute wilful tort. A wilful tort, according to the definition above quoted, can only be predicated upon knowledge of danger, with reckless disregard of the consequences after discovering the danger. It is of course not necessary that the defendant should have knowledge of the peril of any particular person, or that he should have intended to do injury to some particular person, but, on the other hand, any general knowledge or information that other persons are placed in a position of peril by his reckless and heedless conduct would amount to a legal wilful tort. This doctrine is based upon the well-known principle that a person is presumed to intend the natural and logical consequences of his acts. An illustration of this statement would be that of a person who would ride a wild and highly excited horse into a crowded street on a public festival day.
In the case of Birmingham Ry. & Elec. Co. v. Bowers, 110 Ala., 328, it was stated at page 331: “In wanton negligence, the party doing the act or *70 failing to act, is conscious of his conduct, and without having the intent to. injure, is conscious, from his knowledge of the existing circumstances and conditions, that his conduct will likely or probably result in injury.”
In the case of Alger, Smith & Co. v. Duluth-Superior Traction Co., 93 Minn., 314, the syllabus is as follows: “Wilful or wanton negligence, whereby liability is incurred irrespective of the contributory negligence of the party injured, is a reckless disregard of the safety of the person or property of another, by failing, after discovering the peril, to exercise ordinary care to prevent the impending injury.” This doctrine was later affirmed in Havel v. Minneapolis & St. Louis Rd. Co., 120 Minn., 195.
In the case of Bolin, Admr., v. Chicago, St. P., M. & O. Ry. Co., 108 Wis., 333, the syllabus contains the following: “If a person injure another, either actually or constructively intending to do so, the injury is not attributable strictly to negligence, but to that degree of misconduct called wilful misconduct in the law, which this court has classed as gross negligence, though it has no element of inadvertence, a necessary element of negligence.”
Again, in the same syllabus, we find the following: “It is not sufficient to warrant a reasonable inference of that intent necessary to a wilful injury to show that the alleged guilty party ought reasonably to have anticipated that such a result was merely within reasonable probabilities, else mere want of ordinary care would have that effect. To warrant such inference the circumstances must be *71 such that a man of ordinary intelligence would expect such an injury to occur.”
In the case of Wilson, Admx., v. Chippewa Valley Electric Rd. Co., 120 Wis., 636, there was a charge of wilful misconduct in that the motorman of an interurban car operated his car in such manner as to wilfully cause a collision with a runaway team at a highway crossing. In the Wisconsin courts negligence is classified differently than in other, states, and the subject is divided into ordinary negligence on the one hand and wanton and wilful negligence on the other. Gross negligence is there held to be equivalent to wilful injury, and it was held that in an action for personal injuries, charged to have been committed in a wanton and wilful manner, so as to amount to an intention to inflict the injuries, there can be no recovery on testimony showing the want of ordinary care.' The same rule prevails in the courts of Alabama.
In the case of Alabama Great Southern Rd. Co. v. Hall, Admx., 105 Ala., 599, the syllabus reads:
“In an action to recover damages for injuries alleged to have been inflicted by reason of negligence, before the person charged with negligence can be héld guilty of wilful or wanton negligence the evidence must show that he knew his conduct would inflict injury, or that, on account of the attendant circumstances which were known to him, or. with a knowledge of which he was chargeable, the inevitable or probable consequence of his conduct would be to inflict injury, and with feckless indifference to the consequences of such conduct, he *72 committed the act, or omitted to do his duty to avoid the threatened injury.
“In an action for damages against a railroad company by the administrator of a deceased brakeman, who was on one of defendant’s freight trains, evidence that the train, at the time of the accident, was being run at the rate of forty miles an hour, with the testimony of an expert that such rate of speed was dangerous, but that freight trains were often run at that speed without accident is not sufficient evidence to show wanton or wilful negligence.”
The characteristics of wilful injury, and the distinction between wilful injury and wanton negligence, are shown in the case of Louisville & Nashville Rd. Co. v. Anchors, Admr., 114 Ala., 492, from which we quote:
“To constitute wilful injury there must be a design, purpose or intent to do wrong and inflict the injury; while to constitute wanton negligence, there must be a consciousness on the part of the person from his knowledge of existing circumstances and conditions that his conduct will probably result in injury, and yet, with reckless indifference or disregard of the natural or probable consequences, but without having the intent to injure, he does the act or fails to act.”
In the case of Stringer v. Alabama Mineral Rd. Co., 99 Ala., 397, the court has drawn the following distinctions which are stated in the syllabus:
“The words 'gross’ and 'reckless/ when applied to negligence, per se have no legal signification that *73 imposes other than simple negligence and a want of due care.
“There are, in our jurisprudence, but two recognized grades of negligence: (1) Simple negligence, or want of that care which a reasonably prudent man would exercise under like circumstances. (2) Wilful or wanton negligence, which means such a reckless or wanton disregard of probable consequences, known to the person guilty of the wrong, or under such circumstances as will impute a knowledge to the wrong-doer, or such a negligent omission of preventive effort, after knowledge of danger, as to be the equivalent of wilful and intentional injury.”
In the case of Louisville, New Albany & Chicago Rd. Co. v. Bryan, 107 Ind., 51, the foregoing views are well set forth at page 54 of the opinion: “The words 'wilful’ arid 'negligent,’ used in conjunction, have not always been employed with strict regard for accuracy of expression. To say that an injury resulted from the negligent and wilful conduct of another, is to affirm that the same act is the result of two exactly opposite mental conditions. It is to affirm in one breath that an act was done through inattention, thoughtlessly, heedlessly, and at the same time purposely and by design. It seems to be supposed that by coupling the words together, a middle ground between negligence and wilfulness, between acts of non-feasance and misfeasance may be arrived at. It is only necessary to say that the 'distinction between cases falling within the one class or the other, is clear and well defined, and *74 cases in neither class are aided by importing into them attributes pertaining to the other.”
Another case decided by the Indiana courts is that of C., C., C. & St. L. Ry. Co. v. Starks, Admx., 58 Ind. App., 341. The controversy in that case pertained to a crossing accident and there was a charge of wilful tórt, and on page 350 of the opinion it was stated by the court that in order “To sustain the charge of wilfulriess, it must appear from the evidence that ‘the death in question was intentional * * * that the act or omission which caused the death was wilful or intentional, and of such a character as that such death must reasonably have been anticipated as the natural and -probable consequence of the act; that is, that decedent was in 'a position of imminent peril and unconscious thereof, or unable to extricate himself therefrom, and that the engineer in charge of the train had knowledge of such facts, and power and opportunity to stop the train or avoid the collision, but intentionally omitted to do so, and with such knowledge, power and opportunity wilfully ran such train over the crossing in utter disregard of the consequences/ ”
Many other authorities might be cited similar to those already quoted to further illustrate the distinction between ordinary negligence and wilful tort, but it is not necessary to multiply authority. The cases outside of Ohio are quite uniform on this subject, and the supreme court of Ohio has also made declarations which are in harmony with the declarations of courts of last resort in other states. This doctrine was discussed in the case oF Railroad *75 Co. v. Kassen, 49 Ohio St., 230. We quote the first paragraph of the syllabus:
“It is a well settled rule of the law of negligence, that the plaintiff may recover, notwithstanding his own negligence exposed him to the risk of the injury of which he complains, if the defendant, after he became aware, or ought to have become aware, of the plaintiff’s danger, failed to use ordinary care to avoid injuring him, and he was thereby injured.”
In the above case the supreme' court of Ohio recognized the necessity of showing knowledge of plaintiff’s danger.
The United States circuit court of appeals for the sixth circuit,.sitting in Tennessee, has also discussed the principles governing this case in Fluckey v. Southern Ry. Co., 242 Fed. Rep., 468. We quote from the syllabus as follows:
“When an automobile reached -a point 40 feet from a railroad crossing, buildings and standing cars had so far ceased to obstruct the driver’s view that he could see 120 feet along the track upon which a car was approaching. It was broad daylight, there was neither smoke nor dust, and there was no other moving train, nor anything to distract the driver’s attention. He was familiar with the crossing, and knew that by reason of the obstructions it was dangerous, and must be approached cautiously. Held, that it was his clear duty to look as soon as he could see, and to have his machine under such control that, if necessary, he could stop before getting into the danger zone, and in driving upon the track in front of an approaching car, which could have been seen, he *76 failed to exercise the care of a reasonably prudent man.”
It was further stated by the court that although it is the rule in Tennessee that the violation of a city ordinance is negligence per se, and although it appeared that there had been the violation of three ordinances in that case, it did not indicate such indifference or recklessness having the same effect to avoid contributory negligence as deliberate wilfulness.
In the case of Higbee Co. v. Jackson, 101 Ohio St., 75, the defendant was held hable as a wilful 'wrongdoer, but in that case it was- quite clear that the defendant knew that the plaintiff was in a situation of danger and having such knowledge proceeded with such recklessness of conduct as must inevitably lead to injury.
All through the authorities it is uniformly held that where the element of intent or purpose is present, thereby constituting ^a wilful tort, the negligence of the plaintiff, whether the direct cause or only a contributing cause, may not be urged as a defense to the action. This doctrine has been so stated by this court in the case of Krause v. Morgan, 53 Ohio St., 26, and from the opinion, at page 37, we quote:
“ Tn order to constitute contributory negligence on the part of the plaintiff, there must be negligence on the part of the defendant. It is accordingly the well settled rule that when the defendant’s conduct amounts to wilfulness,.and when the mischief is occasioned by his intentional and wanton *77 wrong doing, the plaintiff’s negligence is no defense.’ ”
It has repeatedly been held that the violation of a statute or ordinance does not constitute a wilful wrong. It has been so held by the courts of Illinois, Louisiana, Colorado, New York and Vermont. In the courts of those states the violation of a statute or ordinance is not held to be negligence per se. The same doctrine has, however, been held in Indiana, Tennessee, and Texas, although in those states the violation of a statute or ordinance is held to be negligence per se. The same doctrine was declared by'this court in the case of Higbee Co. v. Jackson, supra.
This record discloses evidence from which the jury might very well arrive at the conclusion that there was not only a violation of the ordinance but also of the statutes of Ohio. There was also evidence of the speed of -the train, which might very properly have been submitted to the jury under proper instructions, and upon careful reading of the charge of the trial court we are of the opinion that the instructions to the jury upon those features of the case were proper in every way. That portion of the charge, however, relating to wilful' tort was not a correct statement of the law, for the reason that it did not properly instruct the jury upon the true distinction between simple negligence, whether slight, ordinary or gross, and wilful tort. The jury were not instructed that there must be the element of intent or purpose to do injury to the plaintiff, after knowledge of his dangerous situation, or such entire absence of care for his safety, *78 after knowledge of his dangerous situation, as would exhibit indifference to consequences.
We have carefully read the entire record and find thaf it fails to disclose any such intent or purpose.
In this view of the record, requests Nos. 1, 2, 3, 4 and 5 were proper statements of the .law, and the failure to give them to the jury before argument, as requested, was error.
Without repeating the language of these several requests it is sufficient to state that they were designed to submit to the jury the question of the plaintiff's direct and contributory negligence.
The judgment of the court of appeals and of the court of common pleas should therefore be reversed and the cause remanded to the court of common pleas for further proceedings in accordance with this opinion.

Judgment reversed.

Hough, Robinson, Jones and Matthias, JJ., concur.
Wanamaker, J., took no part in the consideration or decision .of the case.